**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**L. B. BOLT, Jr., George W. Bailey and Paul Henderson, as Executors-Trustees of the Estate of Edgar L. Grubb, Deceased, Defendants-Appellants.**

**No. 16929.**

United States Court of Appeals Sixth Circuit.

April 10, 1967.

L. B. Bolt, Jr., Knoxville, Tenn., for appellants, William P. Newkirk, Knoxville, Tenn., on brief, Bolt & Newkirk, Knoxville, Tenn., of counsel.

Lawrence B. Silver, Atty., Dept. of Justice, Washington, D. C., for appellee, Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on brief, John H. Reddy, U. S. Atty., John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., of counsel.

Before WEICK, Chief Judge, McCREE, Circuit Judge, and HOGAN, District Judge *.

* Honorable Timothy S. Hogan, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

PER CURIAM.

The sole question in this case is whether the Government properly computed interest on an assessment of deficiencies in income tax and fraud penalties made on August 30, 1961, as reduced by abatement following this Court's reversal and remand of a decision of the Tax Court. Grubb v. Commissioner of Internal Revenue, 315 F.2d 753 (6th Cir. 1963). The District Court in a suit brought by the Government to collect unpaid interest, held in a memorandum opinion that interest in the amount of $24,323.08 was due the Government and rendered judgment therefor against the taxpayer's estate. 246 F.Supp. 583.

The reduction in the income tax liability was accomplished by the parties' filing a stipulation in the Tax Court, upon the remand. In the stipulation it was agreed that the taxpayer's cash on hand at the beginning date of the net worth computation was $40,000 instead of only $14,965.75, which the Commissioner had originally allowed, but this Court had found was not substantiated by the evidence. The Tax Court, on the basis of the stipulation, determined deficiencies of tax and fraud penalties in a lesser amount than was originally assessed and the over-assessments were abated by the Government to conform to the Tax Court's decision.

■ Appellants contend, however, that the entire assessment was vitiated as a result of the reversal of the Tax Court's first decision by this Court; and that consequently interest should be computed only on the deficiencies determined by the Tax Court on the remand and not on the assessment which included assessed interest and fraud penalties and bore interest from the date it was made. The Tax Court's decision did not include interest as it has no jurisdiction over interest. Commissioner of Internal Revenue v. Kilpatrick's Estate, 140 F.2d 887 (6th Cir. 1944).

Since Appellant did not stay the collection of the taxes and penalties by filing a bond, the case is governed by Section 7486 of the Internal Revenue Code of 1954. 26 U.S.C. 1958 ed. Sec. 7486.[1]

■ In our opinion, the previous decision of this Court did not vitiate the assessment. Under Section 7486, Appellants were entitled only to an abatement on the assessment for the amount over-assessed. The abatement was made. The District Court was correct in rendering judgment in favor of the Government for the reasons given in its memorandum opinion.

Affirmed.

---

1. "Sec. 7486. Refund, Credit, or Abatement of Amounts Disallowed.

"In cases where assessment or collection has not been stayed by the filing of a bond, then if the amount of the deficiency determined by the Tax Court is disallowed in whole or in part by the court of review, the amount so disallowed shall be credited or refunded to the taxpayer, without the making of claim therefor, or, if collection has not been made, shall be abated."