CLEO STEPHENS DENISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Denison v. Commissioner
Docket No. 8076-80.
United States Tax Court
T.C. Memo 1981-738; 1981 Tax Ct. Memo LEXIS 3; 43 T.C.M. (CCH) 228; T.C.M. (RIA) 81738; December 31, 1981. Cleo Stephens Denison, pro se. Paula M. Jung, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $ 1,108.90 and additions to tax under the provisions of section 6651(a)(1), Internal Revenue Code of 1954, [1] in the amount of $ 277.23 and section 6653(a) in the amount of $ 55.45. The sole issue presented for our decision is whether the Commissioner correctly determined petitioner's gross profit realized from his masonry contracting business. FINDINGS OF FACT Petitioner *4 filed no U.S. income tax return for the taxable year 1977. During 1975, 1976 and 1977 petitioner was engaged in the masonry contracting business, earning a gross profit of $ 7,727.60 during 1975 and a gross profit of $ 4,599.07 during 1976. Petitioner maintained no books and records for the taxable year 1977. The Commissioner, in his statutory notice of deficiency, determined that petitioner realized a gross profit of $ 6,163.34 for the taxable year 1977 based upon the average gross profit he realized in 1975 and 1976. He also determined that petitioner filed no return for 1977 and was liable for additions to tax under the provisions of section 6651(a)(1) and section 6653(a). OPINION The burden of proof is upon petitioner to show that the determinations of the Commissioner in the statutory notice of deficiency are in error. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
Petitioner neither disputed nor offered any evidence to show why the additions to tax should not be imposed. He offered no evidence to show the amount of gross profit realized from his masonry business. He readily admitted that he was *5 engaged in such business during 1975, 1976 and 1977; however, he also admitted that he maintained no books and records during 1977 to reflect the income, costs of goods sold and expenses of such business. Instead, petitioner contends that imposing upon him the duty to maintain books and records from which to determine his gross profit violates his constitutional rights by subjecting him to involuntary servitude. There is no merit to this contention. Kasey v. Commissioner, 457 F.2d 369 (9th Cir. 1972). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩