Cleo Stephens DENISON, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 82–1272.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 28, 1982.

Decided Oct. 4, 1982.

---

Cleo Stephens Denison, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard W. Perkins, Philip I. Brennan, Attys., Tax Division Dept. of Justice, Washington, D. C., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Cleo Stephens Denison appeals from an order by the tax court sustaining an assessment of federal income tax deficiency and additions. After Denison failed to file a federal income tax return for the taxable year 1977, the Commissioner determined a deficiency by averaging the gross profits for the preceding two years (1975 and 1976) from Denison's masonry contracting business. Although Denison produced no supporting business records for the year 1977, he contends that the deficiency is incorrect.

The tax court held that Denison failed to prove the Commissioner's determinations erroneous and sustained the deficiency assessment.[1] We reverse.

I. *Background.*

During the years 1975, 1976, and 1977, Denison worked in the masonry contracting business. He earned a gross profit of $7,727.60 in 1975, and a gross profit of $4,599.07 during 1976. Denison, however, kept no books or records for the taxable year 1977, the year here in question.

When Denison failed to file a return for 1977, the Commissioner averaged the gross profits realized in 1975 and 1976 and determined that Denison realized a gross profit of $6,163.34 for the taxable year 1977. The Commissioner then assessed a deficiency of $1,108.90, plus $277.23 and $55.45 in penalties for failure to file a return and for disregard of rules and regulations. Denison contested the assessment at a hearing held in Hot Springs, Arkansas, on November 16, 1981.

The tax court phrased the sole issue as whether the Commissioner's determination was correct.[2] It held that the burden of proof was upon Denison to show the determination erroneous and that because he of-

---

1. *Denison v. Comm'r,* 43 T.C.M. (CCH) 228 (Dec. 31, 1981).

2. The Government opened its argument at trial by specifying the issue as "whether the [Com-

missioner] reasonably determined the Petitioner's taxable income for the calendar year of 1977."

fered no evidence to show his actual gross profits, he failed to meet the burden.

## II. *Discussion.*

Where no adequate records are present, the Commissioner may reconstruct taxable income by any reasonable method. *See Thor Power Tool Co. v. Commissioner,* 439 U.S. 522, 532, 99 S.Ct. 773, 780–781, 58 L.Ed.2d 785 (1979); I.R.C. § 446(b) (1954).[3] The Commissioner's method of calculating income is presumptively correct, and will be affirmed so long as it is rationally based. *Cracchiola v. Commissioner,* 643 F.2d 1383, 1385 (9th Cir. 1981). In other words, where the Government must estimate a taxpayer's income, it will enjoy a presumption of correctness as long as its method of calculation is reasonable. The burden is then on the taxpayer to show the determination is wrong. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).

In the present case, the tax court did not require the Government to show any rational basis for its method of determining the deficiency. Indeed, the Government attempted at trial to offer evidence that its manner of assessment was reasonable. Apparently, however, the tax court deemed such a showing unnecessary and decided the case without requiring the Government to offer any evidence whatsoever.[4]

After reviewing the record, we cannot say that the method chosen is reasonable on its face. The record shows that Denison's income, as well as his health, was declining. It is likely, therefore, that his income in 1977 was much less than an average of the previous two years. Nevertheless, the Commissioner chose a larger figure for 1977 than was reported for 1976.

In addition, the figures that were averaged from 1975 and 1976 reflect gross profits rather than taxable income. Section 446(b) authorizes the Commissioner to reconstruct *taxable* income. On reviewing the record, it is not clear whether the figure arrived at by the Government reflects any estimate of deductions from gross revenue for expenses and costs of Denison's business. If any deductions were allowed, it is not clear in what manner.

Where the record reflects no reasonable basis for the Commissioner's assessment, where the assessment cannot be deemed reasonable on its face, and where no finding is made in that regard, we cannot afford a presumption of correctness to attach automatically to the assessment.

Accordingly, we reverse and remand this case to the tax court for further proceedings, with instructions to permit the Government to produce evidence of the reasonableness of its reconstruction of Denison's taxable income for the tax year 1977, and to determine whether the Commissioner's assessment should be sustained or appropriately modified under the circumstances disclosed by the record.

---

**3.** Code section 446(b) provides:

> If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

**4.** The Government offered to produce some evidence at the opening of the case. The judge of the tax court, however, suggested the Government wait until after Denison had presented his argument. At the close of the case, the Government then offered a witness to "introduce schedules that really show the matter of confrontation." The term confrontation as contained in the transcript is meaningless. We assume, however, the Government's witness might have testified to the reasonableness of the method adopted by the Commissioner.