**Cleo S. DENISON, Plaintiff,**

v.

**William F. BARLOW, District Director of Internal Revenue Service, and Garrie Ollie, Agent, Defendants.**

No. J–C–83–68.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

May 13, 1983.

Cleo S. Denison, pro se.

George W. Proctor, U.S. Atty., Little Rock, Ark., Lawrence Sherlock, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

ORDER

WOODS, District Judge.

Plaintiff, a resident of Lynn, Arkansas, was engaged in his own masonry business during 1975, 1976 and 1977. For the years 1975 and 1976 the plaintiff and his wife filed joint federal income tax returns, but for the year 1977 the plaintiff filed no return. The Commissioner of Internal Revenue determined a deficiency in the plaintiff's tax liability for 1977 in the amount of $1,108.90 plus penalties in the amount of $332.68. Upon receiving notification of the deficiency, the plaintiff filed a petition with the Tax Court to contest the Commissioner's determination. After a trial, the Tax Court entered its opinion on December 31, 1981 upholding the Commissioner's determination. *Denison v. Commissioner*, 43 T.C.M. (CCH) 228 (1981). The plaintiff appealed the decision of the Tax Court, but did not post a bond. On April 23, 1982, while an appeal of the decision of the Tax Court was pending before the Eighth Circuit, the Commissioner assessed the tax deficiency which had been upheld by the Tax Court, plus penalties and interest on the tax. In September, 1982 the Commissioner also filed a Notice of Federal Tax Lien with the Circuit Clerk of Lawrence County and served a Notice of Levy on the Lawrence County Bank. The bank honored the levy

in the amount of $100.12, and that amount was applied against the plaintiff's liability.

On October 4, 1982 the Court of Appeals reversed the Tax Court and remanded the case for further proceedings. *Denison v. Commissioner,* 689 F.2d 771 (8th Cir.1982). On February 22, 1983 the plaintiff filed this action in the Circuit Court of Lawrence County asking that the defendants be enjoined from further collection activity and that they be ordered to remove the tax lien. The defendants removed the case to this court and have filed a motion to dismiss which is currently pending.

Does the plaintiff's failure to post a bond pursuant to 26 U.S.C. § 7485(a)(1) prevent him from seeking declaratory and injunctive relief against the Commissioner's efforts to collect the assessment made for the taxable year 1977? Plaintiff argues that the reversal of the Tax Court amounted to a disallowance of the deficiency as contemplated in 26 U.S.C. § 7486 entitling him to a refund of the amount collected to date and an abatement of the deficiency. Alternatively, plaintiff argues that the reversal prevents treatment of the Tax Court decision as "final" under 26 U.S.C. § 6213(a). 26 U.S.C. § 6213(a) removes the prohibition of injunctions against the government in these tax matters as generally provided for in 26 U.S.C. § 7421(a) unless the Tax Court decision has become final. *Gunn v. Mathis,* 157 F.Supp. 169 (N.D.Ark.1957).

The government (defendants, District Director of IRS and IRS Agent) argues that once the Tax Court rules and an appeal is taken the provisions of 26 U.S.C. § 7485(a)(1) control and assessment and collection efforts can only be prevented thereafter by either the posting of a bond or reversal by the appellate court resulting in disallowance of the deficiency. 26 U.S.C. § 7486. *Akers v. U.S.,* 539 F.Supp. 831 (D.Conn.1982).

■ While plaintiff's complaint presents a novel theory, the Court is inclined to agree with the argument made by the defendants in support of dismissal. The assessment and collection efforts challenged by plaintiff began during the pendency of the appeal before the Eighth Circuit and presumably are continuing. These efforts are precisely the type of actions which may only be stayed by the posting of the requisite bond unless disallowance is made by the court of appeals. 26 U.S.C. §§ 7485(a)(1), 7486. The "finality" provision contained in 26 U.S.C. § 6213 is not controlling and no disallowance was made by the Court of Appeals.

 The plaintiff also seeks declaratory relief, but 28 U.S.C. § 2201 prohibits the granting of declaratory relief against the government with respect to Federal taxes. This prohibition should certainly be read as broadly as the Anti-Injunction Act, at issue above. *Bob Jones University v. Simon, et al.,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

For the reasons stated above, this court lacks jurisdiction over the subject matter of plaintiff's complaint and he has failed to state a claim entitling him to relief. The defendants' motion to dismiss is granted.