786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES CHARLES BACIK, Petitioner-Appellant
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 85-1525
 United States Court of Appeals, Sixth Circuit.
 2/3/86
 
 U.S.T.C.
 AFFIRMED
 ORDER
 BEFORE: ENGEL, KENNEDY and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion for preliminary injunction. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 James Bacik is appealing the Tax Court's dismissal of his action challenging tax deficiencies for 1981 and 1982. The following tax deficiency and additions to tax were assessed:
 
 
 3
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 4
 The Tax Court granted the appellee's motion to dismiss on the basis that the appellant did not file the action in a timely fashion. Apparently, the Internal Revenue Service has levied upon its deficiency judgment and has garnisheed the appellant's wages. The motion for preliminary injunction seeks to abate the garnishment.
 
 
 5
 Provisions for a stay in this type action are set forth in 26 U.S.C. Sec. 7485. The appellant has not filed a bond with the Tax Court as mandated by that statute. Thus, his motion for injunction must be denied. See Denison v. Barlow, 563 F. Supp. 263 (E.D. Ark. 1983).
 
 
 6
 The substantive issue on appeal is whether the appellant filed his tax court petition in a timely fashion. One must file a petition for review of a tax deficiency determination within 90 days of the mailing by the Commissioner of the notice of deficiency. 26 U.S.C. Sec. 6213(a). Timely filing of the petition is jurisdictional. Shipley v. C.I.R., 572 F.2d 212 (9th Cir. 1977). The appellant has not addressed this issue on appeal.
 
 
 7
 The deficiency notice was mailed on October 12, 1984. The 90 day period for filing the petition expired on January 10, 1985, and the petition was filed with the Tax Court on January 16, 1985. Thus, on its face, it appears the petition was not filed in a timely fashion. 26 U.S.C. Sec. 7502 provides that if an envelope containing the petition shows a United States Post Office postmark which falls within the time allowed for filing, the petition is deemed timely filed. The appellant's petition is dated January 10, 1985. Notwithstanding the date on the petition, since the appellant has not offered a postmark as evidence of timely filing, his case cannot come under the exception provided for in 26 U.S.C. Sec. 7502. See Deutsch v. C.I.R., 599 F.2d 44 (2nd Cir. 1979); Myles v. Commissioner, I.R.S., 719 F.2d 373 (11th Cir. 1983). The Tax Court correctly dismissed the action as it was not filed in a timely fashion.
 
 
 8
 Accordingly, it is ORDERED that the motion for injunction be denied and the judgment of the Tax Court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.