**Gunther GRAEFENHAIN and Philip Miller, Plaintiffs,**

v.

**PABST BREWING COMPANY, Defendant.**

No. 83–C–1670.

United States District Court, E.D. Wisconsin.

Sept. 14, 1987.

Frank J. Schiro, Law Office of Frank Joseph Schiro, Ltd., Milwaukee, Wis., for plaintiff, Gunther Graefenhain.

Leonard N. Flamm, Hockert & Flamm, New York City, for plaintiff Philip Miller; Frank J. Schiro, Law Office of Frank Joseph Schiro, Ltd., Milwaukee, Wis., of counsel.

John R. Sapp, John A. Busch, Thomas P. Godar, Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In 1983, Gunther Graefenhain and Philip Miller filed this age discrimination lawsuit alleging that the defendant, Pabst Brewing Company, terminated their employment in the company's divisional sales force because of their age. A jury trial on liability was held in this court and on October 5, 1984; the jury returned a special verdict finding that the defendant terminated Messrs. Graefenhain and Miller because of age. The jury also found that the terminations constituted willful discrimination. Pursuant to stipulation of the parties, the issue of resulting damages was tried to the court on October 11, 1984.

On March 11, 1985, I filed a decision and order constituting my findings of fact and conclusions of law with respect to damages (the "damages decision"). I determined that Mr. Graefenhain was entitled only to nominal damages. I also determined that Mr. Miller was entitled to an order of reinstatement, along with back pay and liquidated damages in the amount of up to $56,582. Judgment was entered on March 11, 1985.

On March 21, 1985, the defendant moved for judgment notwithstanding the verdict. On March 22, 1985, the plaintiffs filed three motions: Motion to Amend and Supplement Findings and Judgment Pursuant to F.R.C.P. 52(b), Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e), and Motion to Fix Supersedeas Bond, or in the Alternative to Order Judgment Amount(s) Placed in Escrow Account. On November 2, 1985, I granted the defendant's motion for judgment notwithstanding the verdict. 620 F.Supp. 696. The plaintiffs' then pending motions were dismissed as moot.

On June 26, 1987, the court of appeals for the seventh circuit reversed this court's order granting the defendant's motion for judgment notwithstanding the verdict, reinstated the jury's verdict and remanded the case for "reconsideration of the plaintiffs' motion to amend the original judgment to award front pay damages." *Graefenhain*

*v. Pabst Brewing Company*, 827 F.2d 13, 23 (7th Cir.1987).

To comply with the mandate of the court of appeals, I held a hearing in this court on August 3, 1987. At that time, I issued a briefing schedule and asked that the parties submit briefing on the following subjects: (1) entitlement and amounts of front pay, (2) whether a further hearing is necessary to resolve the issue, and (3) whether, as the plaintiffs' counsel contended, there should be further inquiry into back pay.

Having reviewed the subsequently filed briefs, I am persuaded that a further hearing is necessary to address the entitlement and amount of front pay award to Philip Miller. I find that no review of my original determination on back pay is warranted. The plaintiffs' outstanding motion for escrow will be granted, but their recently asserted application for interim attorneys' fees will not be considered at this time.

## MOTION FOR ESCROW

Upon my granting the defendant's motion for judgment n.o.v., I also dismissed as moot the plaintiffs' motion to fix a supersedeas bond or, alternatively, to order the defendant to deposit the judgment amount in an escrow account. The defendant's post-appeal brief suggests that the latter matter should be ignored because it was not addressed by the court of appeals. By filing post-judgment motions in a timely fashion, I believe that the plaintiffs preserved the matter. Now that the original judgment has been reinstated, the issue of a supersedeas bond or an escrow order is no longer moot.

■ The alternative proposal of a supersedeas bond is not warranted here since there is no pending appeal. *See* Rule 62(d), Federal Rules of Civil Procedure. However, in the absence of any articulated substantive opposition by the defendant, the plaintiffs' alternative request will be granted. In my opinion, a deposit of the judgment amount of $56,582 is reasonable to preserve the interests of the plaintiff, Mr. Miller.

## INTERIM ATTORNEYS' FEES

■ In their post-appeal briefs, the plaintiffs request an award of interim attorneys' fees. Under 29 U.S.C. § 626(b), prevailing ADEA plaintiffs are entitled to an award of reasonable attorneys' fees together with costs. In my opinion, however, the issue of fees can more efficiently be resolved at the conclusion of the post-appeal proceedings in this case. Accordingly, I will defer any decision as to an amount of fees and costs in this case until after the entry of final judgment, in accordance with local rule 9.04.

## BACK PAY

■ The plaintiffs contend that the time period for calculating back pay should now be extended to the date of the next hearing in this matter, rather than October 5, 1984, the date of the jury's verdict determining liability in this case; the latter date is also the one that I employed in calculating back pay in the damages decision. Neither the mandate of the court of appeals in this case, nor any other authority, supports extending the period for calculating back pay. Unlike *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982), a case cited by the plaintiffs, there is no direction from the court of appeals in the matter at bar for further consideration of liability issues. The court of appeals in this case reinstated the original judgment reflecting the jury's verdict on liability. Thus, in my opinion, because the finding of liability has been reinstated in this case, there is no reason to veer from the general rule that calculation of back pay ceases upon a finding of age discrimination liability at trial. *See, e.g., Taylor v. Home Ins. Co.*, 777 F.2d 849, 858 (4th Cir.1985); *Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276, 282 (8th Cir. 1983).

Indeed, such calculation may have been generous in the first place. The court of appeals for the seventh circuit has held that the period for calculating an award of back pay may terminate even earlier if the plaintiff is employed by another employer in a comparable position before trial. *Orzel v. City of Wauwatosa Fire Dep't*, 697

F.2d 743, 756 (7th Cir.), *cert. denied,* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983). In the absence of direction from the court of appeals and where there is evidence suggesting that both plaintiffs were employed in comparable positions before trial, I am persuaded that a restructuring of the back pay calculation is not warranted.

In addition to requesting the time period adjustment for back pay, plaintiff Philip Miller raises other challenges to the precise calculation of back pay awarded to him in my damages decision. These challenges are, however, not timely and will not be considered at this date. The particular matters raised by Mr. Miller were not addressed in the plaintiffs' Rule 52(b) and Rule 59(e) motions, nor were they raised or argued before the court of appeals. Accordingly, I decline to consider Mr. Miller's communications on these matters; they are more than two years too tardy.

## FRONT PAY

Subsequent to the issuance of the damages decision in this case, the court of appeals for the seventh circuit expressly approved front pay as a remedy available under ADEA in certain cases. *See McNeil v. Economics Lab., Inc.,* 800 F.2d 111 (7th Cir.1986). The court's ruling is generally consistent with my original conclusion regarding the availability of front pay. *See Graefenhain v. Pabst Brewing Co.,* 620 F.Supp. 696, 699 (E.D.Wis.1985). In their post-judgment motions as well as in their post-appeal briefs, the plaintiffs contend that I misapplied the specific facts of this case in arriving at my ultimate conclusion on front pay.

With respect to plaintiff Philip Miller, I am persuaded that certain matters were indeed overlooked in my original decision on damages. Accordingly I will reconsider my decision as to Mr. Miller's application for front pay. I now believe that Mr. Miller is entitled to front pay; at the hearing scheduled for Friday, September 18, 1987, counsel should address the amount of such an award. However, I persist in my ruling with respect to plaintiff Gunther Graefen-

hain. No significant errors in law or fact have been identified by Mr. Graefenhain to warrant the relief that he now seeks. The applications of the two plaintiffs regarding front pay will be addressed separately as follows:

### *Gunther Graefenhain*

Mr. Graefenhain's resubmitted Rules 52 and 59 motions, as well as his post-appeal challenge to my March 11, 1985, denial of front pay, are no more than restatements of his original position. Mr. Graefenhain originally sought, and was denied, front pay by arguing that my decision to consider his net pecuniary gain in evaluating entitlement to front pay was inappropriate and inconsistent with "the spirit and intent of the ADEA law to restore the plaintiffs to wholeness." Plaintiffs' Graefenhain and Miller [Post-Appeal] Brief in Support of Motion to Amend Findings/Conclusion and Alter Judgment to Award Front Pay at 10. These claims do not justify the alteration of the damages decision in this case. Motions to alter or amend judgments "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). *See also Rothwell Cotton Company v. Rosenthal & Company,* 827 F.2d 246, 250–52 (7th Cir.1987).

Mr. Graefenhain contends that references in his post-judgment motions to the circumstances surrounding the 1985 sale and organizational restructuring of Pabst Brewing Company constitute the presentation of "newly discovered evidence." Such evidence, however, may be too new. The court of appeals for the seventh circuit and the majority of courts addressing this issue, have held that newly discovered evidence, for purposes of Rule 59 motions "must have been in existence at the time of trial." *Peacock v. Board of School Commissioners,* 721 F.2d 210, 214 (7th Cir. 1983). The literature and other evidence presented by the plaintiffs regarding the Pabst sale is dated just days after the date of the damages decision. It is, therefore, not newly *discovered* evidence; it is simply new.

Arguably, the sale and restructuring matters presented in the plaintiffs' post-judgment motions were matters which were in existence and discoverable prior to or during the trial. Even if this newly discoverable evidence were appropriate for consideration at this time, my position on front pay for Mr. Graefenhain would be unchanged.

In arriving at my decision on March 11, 1985, I concluded that Mr. Graefenhain's opposition to the "netting out" approach was without authority. Mr. Graefenhain has still failed to present this court with any authority for his persistence on this point.

■ "Prospective benefits are not awarded for punitive purposes or for pain and suffering, ... but rather to assure that a plaintiff who prevails on the merits is returned, as nearly as possible, to the economic situation he would have enjoyed absent the unlawful discrimination." *Ventura v. Federal Life Ins.*, 571 F.Supp. 48, 50 (N.D.Ill.1983). *Cf. Kossman v. Calumet County*, 800 F.2d 697, 703 (7th Cir.1986) (goal of ADEA damages generally is to "restore the victim of discrimination to the economic position which he would have occupied but for the employer's unlawful conduct"). This "make-whole" ADEA objective requires courts to restore an ADEA plaintiff, as closely as possible, to his deserved economic position, but the employee is not entitled to a windfall. *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 490 (4th Cir.1982). Thus, ADEA damages are subject to a mitigation requirement, and the netting procedure I employed in determining damages in this case constituted application of that requirement. *See McNeil, supra,* 800 F.2d at 118 ("duty to mitigate damages may limit the amount of front pay available"). *Accord EEOC v. Prudential Federal Savings & Loan Ass'n,* 741 F.2d 1225, 1232 (10th Cir.1984); *Gibson, supra,* 695 F.2d at 1100. Thus, in my opinion, contrary to the repeated assertions of Mr. Graefenhain, the clear weight of the authority, together with the intent of ADEA, supports the method I utilized in arriving at my decision on Mr. Graefenhain's entitlement to front pay.

Mr. Graefenhain also contends that he is entitled, by way of a front pay monetary award, for compensation for loss of the opportunity to retire at 55, rather than 59. At Pabst, Mr. Graefenhain would have been able to retire at 55; at Carleton, his current employer, Mr. Graefenhain is not able to retire until he is 59.

■ Lost prospective benefits must be considered as an aspect of ADEA damages. *See, e.g., Kossman, supra,* 800 F.2d at 704. However, other than repetition of conclusory statements regarding his loss of benefit by dint of a later retirement date, Mr. Graefenhain has failed to demonstrate his alleged loss. In my damages decision, I determined that Mr. Graefenhain's current employment will ultimately result in a net benefit of $48,673. Damages Decision at 12. I determined then, and I have been presented with no evidence to the contrary since, that this net benefit more than offset any losses claimed by Mr. Graefenhain's unlawful termination.

*Philip Miller*

As to Mr. Miller, however, I am persuaded that alteration of my damages decision is warranted. Mr. Miller may be entitled to an award of front pay. In the damages decision, I determined that reinstatement, rather than front pay, was appropriate for Mr. Miller. In so holding, I concluded that reinstatement was feasible and appropriate, and I stated that it was the plaintiff's burden to show that comparable reinstatement was not available. On reconsideration, however, I conclude that I failed fully to address all aspects of the appropriateness of reinstatement and misallocated the burden of proof.

My focus in determining that Mr. Miller was not entitled to front pay was on the feasibility or availability of comparable reinstatement. In *McNeil,* the court of appeals for the seventh circuit held in in addition to these factors that "[f]ront pay may be indicated especially when the plaintiff has no reasonable prospect of obtaining comparable employment *or* when the time

period for which front pay is to be awarded is relatively short." *McNeil, supra,* 800 F.2d at 118 (emphasis added). Mr. Miller was 64 years old at the time of my damages decision; I did not then consider his age nor the relatively short time for front pay. Accordingly, reexamination of the issue is in order. *Cf. Whittlesey v. Union Carbide Corp.,* 742 F.2d 724, 729 (2d Cir. 1984) (failure to award front pay to 63–year–old plaintiff may be an abuse of discretion).

The defendant argues that despite his age, Mr. Miller is not entitled to front pay. According to the defendant, the elimination of its divisional sales force upon the sale of Pabst Brewing Company in 1985 would have resulted in Mr. Miller's legitimate termination and, therefore, front pay is barred.

■ I agree that calculation of front pay damages ends with the lawful elimination of the plaintiff's former position. *See Gibson, supra,* 695 F.2d at 1099. However, I also agree with the court of appeals for the eleventh circuit that the burden of proof on this issue is on the defendant. *See, e.g., Archambault v. United Computing Systems, Inc.,* 786 F.2d 1507, 1515 (11th Cir. 1986). The defendant must "establish by a preponderance of the evidence that plaintiff would not have been retained in some other capacity." *Id.*

Accordingly, the defendant should be prepared to address the issue of whether Mr. Miller would have been retained by Pabst subsequent to the sale of the company to one Paul Kalmanovitz at the hearing now scheduled for Friday, September 18, 1987, at 9:00 a.m. Mr. Miller should be prepared to state and to buttress his position on the amount of front pay damages to which he claims entitlement. Mr. Miller should also be prepared to support his contention that an award of liquidated damages, based upon a calculation of his front pay, is appropriate.

Therefore, IT IS ORDERED that the plaintiffs' motion to order that the judgment amount be placed in an escrow account be and hereby is granted.

IT IS ALSO ORDERED that the defendant deposit $56,582 in an interest-bearing escrow account with an independent third party on or before September 25, 1987, and until such time as final judgment is entered in this case.

IT IS FURTHER ORDERED that the plaintiffs' post-judgment motion for front pay be and hereby is denied as to the plaintiff Gunther Graefenhain.

IT IS FURTHER ORDERED that the plaintiffs' applications for awards of interim attorneys' fees are to be held in abeyance until after the entry of final judgment.