**Gunther GRAEFENHAIN and Philip Miller, Plaintiffs,**

v.

**PABST BREWING COMPANY, Defendant.**

**No. 83–C–1670.**

United States District Court, E.D. Wisconsin.

Jan. 29, 1988.

Frank J. Schiro, Milwaukee, Wis., for Graefenhain.

Leonard Flamm, New York City, for Miller.

Michael, Best & Friedrich by John R. Sapp and Thomas Godar, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

This factually simple case has a long and convoluted history, and it is not yet complete. In March 1985, following a trial on liability, I issued a decision and order in which I determined that because Mr. Graefenhain secured employment after his disassociation with Pabst at a greater annual salary, he actually enjoys an economic benefit as a result of his Pabst employment termination. Accordingly, I denied Mr. Graefenhain's first application for an award of front pay, and judgment was entered on March 11, 1985. Mr. Graefenhain filed a motion to amend the judgment with respect to front pay, but I did not then decide on this motion; instead I granted the defendant's motion for judgment notwithstanding the verdict on ADEA liability, and the plaintiffs' then pending motions were dismissed.

Last June, in an appeal, the plaintiffs successfully challenged my decision to render a judgment notwithstanding the verdict. In compliance with the mandate of the court of appeals for the seventh circuit, I reconsidered the plaintiffs' motion to amend the original judgment in this case to award front pay. In a decision and order signed on September 14, 1987, 670 F.Supp. 1415, I denied the motion for front pay with respect to one of the plaintiffs, Gunther Graefenhain. At a subsequent evidentiary hearing on Philip Miller's entitlement to front pay, Mr. Graefenhain's attorney orally appealed to the court for a reconsideration of my ruling with respect to his client. At that time I reiterated my position and informed counsel that I did not deem it necessary to entertain further argument on the issue.

Now, by applying for relief from my decision and order of September 14 pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, Gunther Graefenhain is once again before the court seeking an award of front pay. The defendant opposes this motion and also moves for an award of the costs and fees which are necessary to defend against the Rule 60(b)(6) motion. I persist in my two prior rulings on the issue of front pay: Mr. Graefenhain's application for front pay will be denied, and the defendant will be awarded its costs.

Relief under Rule 60(b) is appropriate "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying [order] was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986); *Merit Insurance Com-*

pany v. Leatherby Insurance Company, 714 F.2d 673 (7th Cir.1983), cert. denied, 464 U.S. 1009, 104 S.Ct. 529, 78 L.Ed.2d 711 (1983). This principle arises out of the policy favoring the finality of judgments. Id. at 1072; see also 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987). Mr. Graefenhain has once again failed to present the court with any "extraordinary circumstances" to support his position; the burden is his. See Industrial Associates, Inc. v. Goff Corporation, 787 F.2d 268 (7th Cir.1986).

▮ Mr. Graefenhain once again alleges that he is entitled to front pay because he has suffered a net pension loss. As I noted for the first time, however, in March 1985, a determination of loss for the purposes of calculating front pay does not end with a consideration of pension alone. Where, as here, an award of front pay in the form of lost pension benefits would make an ADEA plaintiff more than whole, front pay for lost pension is not available. Such a windfall is enjoyed by ADEA plaintiffs, like Gunther Graefenhain, who secure subsequent employment at a greatly increased salary and thereby offset any loss of pension benefits. See, e.g. Blum v. Witco Chemical Corp., 829 F.2d 367, 371 (3rd Cir.1987).

The calculations need not be repeated here, nor the explanations provided for my position on this matter, as they already are recorded in my prior written and oral rulings. In light of Mr. Graefenhain's increased salary at Carlton Beverage, I continue to be persuaded that he has suffered no real economic loss and is not, therefore, entitled to a front pay award from the defendant. Unlike my conclusions regarding plaintiff Philip Miller's position, none of the factors indicating the propriety of an award of front pay that are set forth in McNeil v. Economics Lab., Inc., 800 F.2d 111, 118 (7th Cir.1986), are applicable to Mr. Graefenhain's circumstances.

Although I agree with the defendant that Mr. Graefenhain's instant application is redundant, I am without sufficient facts to analyze the relevant circumstances to arrive at a conclusion regarding either the

frivolity of the motion or an award of fees. See Brown v. Federation of State Medical Boards, 830 F.2d 1429, 1435 (7th Cir.1987) (district court must consider specific factors in order to determine whether attorney in question is liable for significant sanctions). I am, however, persuaded that the defendant should be reimbursed for costs incurred as a result of Mr. Graefenhain's persistence on this issue.

Therefore, IT IS ORDERED that Gunther Graefenhain's motion to reconsider findings pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for an award of costs and attorneys fees against Gunther Graefenhain be and hereby is denied as to attorneys fees and granted as to costs.