HARVEY JACOBSON AND MARCIA JACOBSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29856-85.      Filed October 9, 1991.

*Walter J. Rockler* and *Richard L. Hubbard,* for the petitioners.

*Richard G. Goldman* and *Mitchell Hausman,* for the respondent.

## OPINION

TANNENWALD, *Judge:* This case is before us as the result of a reversal and remand of our prior decision "for reconsideration of Jacobson's liability for federal income tax in 1979." *Jacobson v. Commissioner,* 915 F.2d 832 (2d Cir. 1990), revg. and remanding T.C. Memo. 1988-341. Petitioners have filed a motion for release of a surety bond in the amount of $58,888 filed with this Court on April 28, 1989, pursuant to the provisions of section 7485,[1] which provides in pertinent part:

SEC. 7485(a). UPON NOTICE OF APPEAL.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law * * *

The bond specifies that:

NOW, THEREFORE, the condition of the Obligation is such that if the above-named Harvey and Marcia Jacobson shall file their appeal and shall prosecute said appeal to effect and shall pay the deficiency as finally determined, together with any interest, additional amounts or additions to the tax provided for by law, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue.

Petitioners argue that the purpose of the bond is to protect respondent only during the pendency of the appeal and that respondent should be in no better position at the present time than he was during the period specified in section 6213(a), i.e., until the expiration of the stated periods after the decision of this Court becomes final. They cite, in support of their position, language from *Estate of Kahn v. Commissioner,* 60 T.C. 964, 967 (1973), which states that the purpose of the bond is:

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to protect the United States during the pendency of an appeal so that when the appeal becomes final, there will be adequate security for collection of the amounts finally determined to be owed, if any, by the taxpayer to the U.S. Government. * * *

and *Graefenhain v. Pabst Brewing Co.*, 670 F. Supp. 1415, 1417 (E.D. Wis. 1987), where the District Court stated that "a supersedeas bond is not warranted here since there is no pending appeal."

We reject petitioners' contentions. Petitioners' argument that respondent's present position is comparable to that which previously existed prior to and during the period preceding the appeal ignores an important fact, namely, that events could have occurred during the pendency of the appeal which significantly impair respondent's ability to collect, if he succeeds on remand—a situation that he would not have had to face if he could have collected during the appeal period. But more significantly, the plain language of section 7485 and of the bond itself require that it continue until the deficiency is "finally determined"—an event that clearly has not yet occurred herein in view of the fact that no proceedings in accordance with the remand have yet taken place.

In the absence of any "unequivocal evidence of legislative purpose" which might justify a different approach,[2] *Huntsberry v. Commissioner*, 83 T.C. 742, 747 (1984), we are required to give these words their ordinary meaning. *Demarest v. Manspeaker*, 498 U.S. __, 111 S. Ct. 599, 604 (1991); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989); *Cal-Maine Foods, Inc. v. Commissioner*, 93 T.C. 181, 208-209 (1989). The language of *Estate of Kahn v. Commissioner, supra*, deals simply with the general purpose of section 7485 and not the statutory condition for satisfying that purpose. The supersedeas bond situation, adverted to in *Graefenhain v. Pabst Brewing Co., supra*, is not in point because the cited language is most cursory and general, and it does not rest on any statutory provision setting forth the conditions of the bond. See also rule 62(d), F.R.C.P.

---

[2]In point of fact, the legislative history of sec. 7485, which reenacted sec. 1145 of the Internal Revenue Code of 1939, is devoid of any indication of congressional intent on the issue involved herein. Conf. Rept. 356, 69th Cong., 1st Sess. 54 (1926); H. Rept. 1337, 83d Cong., 2d Sess. A434 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 614 (1954).

In view of the foregoing,

*An appropriate order will be issued denying petitioners' motion.*