115 T.C. No. 27


UNITED STATES TAX COURT


ESTATE OF ALGERINE ALLEN SMITH, DECEASED, JAMES ALLEN SMITH,
EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19200-94, 3976-95.     Filed October 18, 2000.


In a prior opinion, we determined that there was a deficiency in estate tax. P filed a timely notice of appeal but did not file a bond to stay assessment or collection during the pendency of the appeal. R assessed the deficiency in estate tax, and P paid a portion of the amount assessed. The Court of Appeals reversed, vacated, and remanded for further proceedings. The Court of Appeals opinion did not preclude the possibility that further proceedings in this Court might result in an estate tax deficiency in the same amount that was previously decided. P filed a Motion To Restrain Collection, Abate Assessment, And Order A Refund Of Amount Collected. P's motion is based on sec. 7486, I.R.C.

Held: Sec. 7486, I.R.C., provides that "if the amount of the deficiency determined by the Tax Court is disallowed in whole or in part by the court of review, the amount so disallowed shall be credited or refunded

to the taxpayer". Where a Court of Appeals reverses and remands for further proceedings without indicating that an ascertainable "amount" of the previously determined deficiency cannot be properly assessed on remand, no part of the amount of the previously determined deficiency has been disallowed for purposes of sec. 7486, I.R.C. P's motion is denied.

Harold A. Chamberlain, for petitioner.

Carol Bingham McClure, for respondent.

OPINION

RUWE, Judge: This case is before the Court on the estate's motion to restrain collection, abate assessment, and refund amounts collected by respondent. Section 7486 provides that "if the amount of the deficiency determined by the Tax Court is disallowed in whole or in part by the court of review, the amount so disallowed shall be credited or refunded to the taxpayer". The sole issue for decision is whether the amount of the deficiency previously determined by this Court was disallowed in whole or in part by the court of review, within the meaning of section 7486,[1] when the Court of Appeals reversed, vacated, and remanded.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On June 4, 1997, we issued our opinion in the estate's consolidated cases.[2]  See Estate of Smith v. Commissioner, 108 T.C. 412 (1997).  Our prior opinion dealt with respondent's disallowance of part of a deduction for a claim against the estate under section 2053(a)(3).  See id. at 413.  We sustained respondent's estate tax deficiency determination because we found that the proper valuation of the claim against the estate by Exxon Corporation (Exxon) required consideration of the settlement of the Exxon claim that occurred after decedent's death.[3]  See id. at 425.  Our holding with respect to the estate tax deficiency disposed of the need to address respondent's income tax deficiency determination.  See id. at 425 n.13. Pursuant to our opinion, the parties filed separate computations under Rule 155.  On January 12, 1998, we issued a supplemental opinion resolving a disagreement between the parties with respect to their computations.  See Estate of Smith v. Commissioner, 110 T.C. 12 (1998).  On March 31, 1998, the estate paid $646,325.76,

---

[2]Our original opinion consolidated two cases of the estate, one dealing with an income tax deficiency determination (docket No. 3976-95) and the other dealing with an estate tax deficiency determination (docket No. 19200-94).  The asserted income tax deficiency was an alternate position taken by respondent in the event we rejected his position in the estate tax deficiency determination.

[3]We found that the validity and the enforceability of the claim against decedent were uncertain as of the date of death. See Estate of Smith v. Commissioner, 108 T.C. 412, 425 (1997).

which was an estimate of the estate tax deficiency and interest.[4]

On April 10, 1998, the estate filed a timely notice of appeal. The estate did not file a bond pursuant to section 7485[5] in order to stay the assessment or collection of the deficiency during the pendency of the appeal. On May 12, 1998, respondent assessed an estate tax deficiency in the amount of $564,429.87 plus interest in the amount of $410,848.76. Respondent gave the estate credit for the March 31, 1998, payment of $646,325.76 and also gave the estate credit for an overpayment of income tax determined in docket No. 3976-95 in the amount of $63,052, resulting in a balance due of $265,900.87. Collection of the balance due was administratively stayed during the pendency of the estate's appeal.[6]

On December 15, 1999, the Court of Appeals for the Fifth Circuit reversed, vacated, and remanded for further proceedings with respect to the estate tax deficiency. See Estate of Smith

---

[4]Respondent's Appeals Office estimated this amount. As part of the estimate, respondent allowed a deduction from the estate for estimated interest which would be due on the deficiency determined, as of a hypothetical date of payment of Mar. 31, 1998.

[5]Sec. 7485(a) provides that the appeal of a decision of this Court does not operate as a stay of assessment or collection of any portion of a deficiency unless a bond is filed by the taxpayer.

[6]Respondent has represented that collection of the unpaid assessment remains administratively stayed and that no collection activity is currently taking place.

v. Commissioner, 198 F.3d 515 (1999).  The Court of Appeals held that we had improperly considered the post-death settlement of Exxon's claim against the estate.  See id. at 526.  The Court of Appeals provided instructions regarding what evidence should be considered for purposes of ascertaining the date-of-death value of the claim against the estate but made no finding as to the correct amount of the claim for purposes of deduction under section 2053(a)(3) and did not preclude the possibility that the correct amount of the deficiency might be the same as that determined in our original decision.  See id.

## Discussion

The issue for decision is whether the "amount of the deficiency" previously determined by this Court was "disallowed in whole or in part by the court of review" within the meaning of section 7486.  Petitioner argues that the amount of the deficiency in our prior decision was disallowed when that decision was reversed, vacated, and remanded.  We disagree.

Section 7486 provides:

> SEC. 7486.  In cases where assessment or collection has not been stayed by the filing of a bond, then if the amount of the deficiency determined by the Tax Court is disallowed in whole or in part by the court of review, the amount so disallowed shall be credited or refunded to the taxpayer, without the making of claim therefor, or, if collection has not been made, shall be abated.

In the absence of any evidence of legislative purpose warranting a different approach,[7] "we must assume that Congress meant what it said and that the statutory language should be taken at face value."  Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 209 (1989).  The language of section 7486 provides for abatement and refund of the "amount of the deficiency determined" by this Court that has been "disallowed in whole or in part by the court of review", regardless of whether the taxpayer files a claim for relief.  The statute simply acts as a procedural device ensuring that the Commissioner follows a decision of the court of review in situations where it can be ascertained that all or a part of the amount of the deficiency determined by this Court was disallowed.  Where the court of review reverses and remands but does not indicate that any ascertainable "amount" of the previously determined deficiency has been precluded, it cannot be said that the court of review has "disallowed in whole or in part" the "amount of the deficiency determined by the Tax Court."

---

[7]The legislative history of sec. 7486 (originally enacted as sec. 1001(d) by the Internal Revenue Act of 1926, ch. 27, 44 Stat. 110, amended by the Internal Revenue Act of 1928, ch. 852, 45 Stat. 873, designated as sec. 1146 in the Internal Revenue Code of 1939, and becoming sec. 7486 under the Internal Revenue Code of 1954) lacks any indication of congressional intent on the issue involved.  See H. Rept. 1, 69th Cong., 1st Sess. (1925), 1939-1 C.B. (Part 2) 315, 327-329; S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 332, 357-360; Conf. Rept. 356, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 361, 378-379; H. Rept. 1337, 83d Cong., 2d Sess. A434 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 614 (1954).

In the instant case, the Court of Appeals reversed and remanded with instructions regarding the proper evidence to consider for valuing Exxon's claim against the estate. The Court of Appeals made no finding regarding the correct value of the Exxon claim, nor did it preclude an ultimate finding of value that would result in the same deficiency amount contained in our prior decision. The Court of Appeals simply held that post-death events, such as the settlement of the Exxon claim, should not be considered in making the valuation determination. The Court of Appeals remanded with instructions to make the valuation based on facts that existed on the date of decedent's death. The amount of the prior deficiency determination was not disallowed in whole or in part.

Although this Court has not previously addressed the issue, other courts have held that section 7486 does not apply in the present situation. In Tyne v. Commissioner, T.C. Memo. 1966-214, the Tax Court allowed the taxpayer to deduct a portion of his travel expenses. The taxpayer appealed but did not post a bond, and the Commissioner assessed the deficiency. The Court of Appeals for the Seventh Circuit reversed and remanded with instructions to use a different method of allocation for purposes of determining the allowable deduction. See Tyne v. Commissioner, 385 F.2d 40, 42 (7th Cir. 1967). After the Tax Court entered new decisions, the taxpayer again appealed, and the

Court of Appeals again reversed and remanded for additional hearings. See Tyne v. Commissioner, 409 F.2d 485 (7th Cir. 1969). The taxpayer then filed a motion with the Court of Appeals for relief under section 7486, seeking a refund and an abatement. The Court of Appeals denied the motion, stating:

> Although it is arguable logic that the reversal of the decisions which were the foundations of the assessments compelled abatement, we consider it a better construction of 26 U.S.C. § 7486 that reversal with remand for further proceedings, as distinguished from reversal and final disallowance of deficiencies, did not require abatement until action of the tax court upon remand. * * * [Tyne v. Commissioner, 69-2 USTC par. 9508 (7th Cir. 1969).]

The Court of Appeals thus held that any abatement and refund would depend on further decision by the Tax Court. See id.

The Court of Appeals for the Sixth Circuit reached the same conclusion in United States v. Bolt, 375 F.2d 725 (6th Cir. 1967). The Tax Court had originally found the taxpayer liable for income tax deficiencies and fraud penalties. See Grubb v. Commissioner, T.C. Memo. 1961-153. The taxpayer appealed but did not post a bond, and the Commissioner assessed the deficiency and penalties. The Court of Appeals upheld the Tax Court's finding of fraud but reversed and remanded with instructions outlining the appropriate method for determining the deficiency amount. See Grubb v. Commissioner, 315 F.2d 753, 758-759 (6th Cir. 1963). Based on stipulations by the parties, the Tax Court then entered a new decision as to the correct amount of the deficiencies and

the fraud penalties.  See <u>United States v. Bolt</u>, <u>supra</u> at 726. In a subsequent action to resolve a dispute over the proper computation of interest on the deficiency and fraud penalties, the Court of Appeals rejected the taxpayer's argument that the original assessment made by the Commissioner had been invalidated as a result of the reversal and remand.[8]  See <u>id.</u>  The Court of Appeals held that the reversal and remand did not "vitiate the assessment" for purposes of section 7486.  <u>Id.</u>

In <u>Denison v. Commissioner</u>, T.C. Memo. 1981-738, the Tax Court sustained the Commissioner's deficiency determination because the taxpayer failed to show that the determination was erroneous.  The taxpayer appealed but did not post a bond, and the Commissioner assessed the deficiency.  The Court of Appeals for the Eighth Circuit reversed and remanded for further proceedings with instructions to require the Commissioner to produce evidence establishing the reasonableness of its determination.  See <u>Denison v. Barlow</u>, 689 F.2d 771, 773 (8th Cir. 1982).  The taxpayer then filed an action in District Court seeking declaratory and injunctive relief against the Commissioner's efforts to collect the assessment.  The District

---

[8]The taxpayer in <u>United States v. Bolt</u>, 375 F.2d 725 (6th Cir. 1967), appears to have been arguing that the reversal and remand of the Tax Court's first decision invalidated the original assessment made by the Commissioner and that this, in turn, affected the amount of interest due on the deficiency and fraud penalties as finally determined on remand.

Court, citing sections 7485 and 7486, stated that the assessment and collection efforts of the Commissioner may be stayed only by the posting of a bond unless disallowance is made by the court of review.  See Denison v. Barlow, 563 F. Supp. 263, 264 (E.D. Ark. 1983).  The District Court held that "no disallowance" was made when the Court of Appeals reversed and remanded for further proceedings.  Id.

In an analogous situation, we considered whether a reversal and remand for further proceedings required the Commissioner to release a surety bond filed by the taxpayer.  See Jacobson v. Commissioner, 97 T.C. 425 (1991).  In Jacobson, a bond was filed pursuant to section 7485 in order to stay the assessment and collection of deficiencies during the pendency of the appeal.  The Court of Appeals reversed and remanded for further consideration, and the taxpayer filed a motion for release of the bond.  See id. at 426.  The surety bond specified in section 7485 acts as security until "payment of the deficiency as finally determined".  Sec. 7485(a)(1).  We held that the surety bond could not be released before the proceedings on remand were concluded because the deficiency had not been "finally determined".  Jacobson v. Commissioner, supra at 427.  This interpretation of section 7485 is consistent with denying relief under section 7486 when the court of review reverses and remands

but does not disallow any ascertainable amount of the Tax Court's deficiency determination.

We note the recent case of <u>Wechsler v. United States</u>, 2000 WL 713407 (S.D.N.Y. 2000), which granted the taxpayers relief under section 7486 where a decision of this Court was reversed and remanded. In that case, the Tax Court had initially denied the taxpayers' motion for summary judgment because the Court found that valid waivers were executed which extended the applicable 3-year period of limitations. See <u>Transpac Drilling Venture 1982-16 v. Commissioner</u>, T.C. Memo. 1994-26. In doing so, the Tax Court did not address the Commissioner's alternative argument that the 6-year period of limitations might apply. See <u>id.</u> The Court of Appeals for the Second Circuit reversed the Tax Court's holding that the waivers were validly executed and remanded for a determination of whether the 6-year period of limitations applied. See <u>Transpac Drilling Venture 1982-12 v. Commissioner</u>, 147 F.3d 221, 229 (2d Cir. 1998). The taxpayers' subsequent motion for relief under section 7486 was granted in <u>Wechsler v. United States</u>, 2000 WL 713407 (S.D.N.Y. 2000), and the Commissioner's motion to vacate that judgment was denied in <u>Wechsler v. United States</u>, 2000 WL 1253267 (S.D.N.Y. 2000). The District Court explained that the Commissioner's deficiency determination was unenforceable unless the Commissioner could show that the 6-year period of limitations applied but emphasized

that the Court of Appeals opinion "in no way concludes this litigation".  Wechsler v. United States, 2000 WL 713407 (S.D.N.Y. 2000).

While Wechsler may be distinguishable on its facts, it is also clear that the Court of Appeals' reversal in that case left open the possibility that the Tax Court might determine that the 6-year period of limitations remained open after considering the matter on remand.  To the extent Wechsler is inconsistent with our holding in the instant case, we respectfully disagree with Wechsler.

Based on the facts before us, we hold that the "amount" of our previous deficiency determination was not "disallowed in whole or in part" within the meaning of section 7486 when the Court of Appeals reversed and remanded for further proceedings.

An appropriate order will
be issued denying petitioner's
motion.