# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

Nos. 01-4316, 01-4317, 01-4318, 01-4319,
 01-4320, 01-4321, 01-4322 & 02-1220

ESTATE OF BURTON W. KANTER,
JOSHUA S. KANTER, and NAOMI KANTER,

*Petitioners-Appellants*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Appeals from the United States Tax Court.
Nos. 712-86, 1350-87, 31301-87, 33557-87,
3456-88, 32103-88 & 26251-90

_____

On Remand from the Supreme Court of the United States
_____

SUBMITTED APRIL 20, 2005—DECIDED MAY 9, 2005

_____

Before CUDAHY, KANNE and EVANS,[*] *Circuit Judges.*

PER CURIAM. The certified copy of the Supreme Court judgment in *Estate of Burton W. Kanter v. Commissioner of*

_____

[*] Upon reinstatement of this case Chief Judge Joel M. Flaum was replaced by Judge Terence T. Evans.

*Internal Revenue*, No. 03-1034, was issued no earlier than 25 days after the release of its opinion in *Kanter* on March 7, 2005. The certified copy of the judgment was filed with this court on April 12, 2005. That judgment reversed our decision and remanded this case for further proceedings. In accordance therewith, on April 12, 2005, we vacated our decision and reinstated this appeal.

Circuit Rule 54 provides in part that "counsel for the parties shall, within 21 days after the issuance of a certified copy of the Supreme Court's judgment . . ., file statements of their positions as to the action which ought to be taken by this court on remand."

Inconsistent with Rule 54, and before the reinstatement of this appeal on April 12, 2005, the parties filed the following: on March 11, 2005, Estate of Kanter filed "Motion to Supplement the Record on Appeal" (requesting an order of production directed to the Tax Court regarding the Special Trial Judge Report; requesting the record on appeal to be supplemented with that report; and, requesting that this court set a schedule for briefing the merits of the appeal in light of the report); on March 24, 2005, the Commissioner of Internal Revenue ("CIR") filed "Commissioner's Motion to Remand, and Response to Taxpayer's Motion to Supplement Record" (requesting that the case be remanded to the Tax Court for further proceedings consistent with the Supreme Court's decision); on March 25, 2005, Estate of Kanter filed "Reply in Support of Motion to Supplement the Record on Appeal and Response to Motion to Remand"; on April 1, 2005, CIR filed "Commissioner's Reply to Appellant's Response to Commissioner's Motion to Remand"; and, on April 5, 2005, Estate of Kanter filed "Motion to File Surreply in Response to Motion to Remand."

Notwithstanding, however, the filing of the aforementioned pleadings prior to reinstatement of this appeal in this court,

and the parties' failure to adhere to the provisions of Circuit Rule 54, we will treat the pleadings as filed post-April 12, 2005, and consider them as statements of position submitted pursuant to Circuit Rule 54.

We decline the invitation of the Estate of Kanter to truncate this case by foregoing a remand to the United States Tax Court. The Estate of Kanter's request for an order of production, request to supplement the record, and request for additional briefing are denied. The Estate of Kanter's request to file a surreply is denied.

On consideration of the position statements, we order this case REMANDED to the United States Tax Court for further proceedings consistent with the Supreme Court's decision in *Estate of Burton W. Kanter v. Commissioner of Internal Revenue*, No. 03-1034.

CUDAHY, *Circuit Judge*, dissenting. Having been the dissenter in the earlier consideration of this case, I would much prefer now to join my colleagues in making a proper disposition in accordance with the Supreme Court's reversal. However, I find that I cannot concur in the course now being adopted.

The essential issue in this case was whether the Tax Court was within its rights in refusing to include in the record on appeal the report of the special tax court judge who presided over the trial. The Supreme Court has now decided that the rules of the Tax Court do not authorize the suppression of this document. This report must be included in the record, and I see no reason why it cannot be produced without further delay. It was improperly withheld, and that nondisclosure ought to cease—now.

The Commissioner argues that the Court also disapproved the "collaborative" procedure followed by the Tax Court in dealing with the special trial judge's report. Therefore, apparently before the undisclosed report is produced, the Commissioner seeks a remand so the Tax Court can somehow deal with the Supreme Court's disapproval of its procedure. But this seems to me to put the cart before the horse. The "collaborative" procedure was only adopted in light of the decision to keep the report secret, in order to deal with the requirement that the findings of the report be granted due deference. There would have been no need for a "collaborative" procedure had there been no decision to keep the report secret, and it is this secrecy from which all other purported improprieties spring.

There may or may not be need for a remand here, so that the Tax Court may adopt some unspecified measures for somehow correcting the "collaborative" procedure. I perhaps could be persuaded of such a need if the Commissioner were more specific in indicating exactly how the process of correction would proceed and what purpose it would further. However, I am not persuaded that any requirement to undo the "collaborative" procedure is an adequate excuse for refusing at this late date to produce the report. Other problems in this case all flow from the unfortunate decision to refuse to disclose the report, and I believe that error should be rectified without further delay.

I therefore respectfully dissent.

Nos. 01-4316, 01-4317, 01-4318, 01-4319,        5
    01-4320, 01-4321, 01-4322 & 02-1220

A true Copy:

    Teste:

                         _____
                         *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*

USCA-02-C-0072—5-9-05