**ESTATE OF Robert W. LISLE, Deceased; Estate of Donna M. Lisle, Deceased, Petitioners–Appellants,**

**Thomas W. Lisle, Independent Co–Executor; Amy L. Albrecht, Independent Co–Executor, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 01–60639 to 01–60642.

United States Court of Appeals, Fifth Circuit.

Nov. 22, 2005.

Rehearing Denied Feb. 7, 2006.

Schenck, Jones Day, Dallas, TX, Royal Bernard ·Martin, Jr., Steven Spencer Brown, Martin, Brown & Sullivan, Chicago, IL, for all Appellants.

Joan I. Oppenheimer, Kenneth L. Greene, Steven W. Parks, Tax Div., App. Section, Eileen J. O'Connor, Asst. Atty. Gen., U.S. Dept. of Justice, Charles Casazza, Clerk, U.S. Tax Court, N. John Williams, Jr., IRS, Washington, DC, for Appellee.·

Before HIGGINBOTHAM and DeMOSS,* Circuit Judges.

PER CURIAM:

Upon reconsideration by the panel of its mandate issued in this case,[1] under these unusual circumstances, in the interest of fairness, and to prevent possible injustice, we recall the mandate, as requested by appellants.[2]

Our mandate left open only the claim of tax deficiency to allow only a recalculation of tax in light of our opinion. Nothing in the events today persuading this court to recall its mandate requires reexamination of our decision to reverse the imposition of fraud penalties. We are persuaded that in fairness whether there is a deficiency owed ought to be reexamined in the same manner as ordered by our colleagues of the Eleventh Circuit in their most recent opinion in *Ballard v. Commissioner*,[3] and we REMAND the case to the Tax Court with orders to:

(1) Strike the "collaborative report" that formed the basis of the Tax Court's ultimate decision; (2) reinstate Judge

---

13. *Moreno–Arredondo,* 255 F.3d at 205.

\* By quorum.

1. 341 F.3d 364 (5th Cir.2003).

2. *See United States v. Tolliver,* 116 F.3d 120, 123 (5th Cir.1997).

3. 429 F.3d 1026 (11th Cir.2005).

Interrompez.

440

Couvillion's original report; (3) refer this case to a regular Tax Court judge who had no involvement in the preparation of the aforementioned "collaborative report" and who shall give "due regard" to the credibility determinations of Judge Couvillion, presuming that his fact findings are correct unless manifestly unreasonable[, in dealing with the remaining issues of tax deficiency]; and (4) Adhere strictly hereafter to the amended Tax Court Rule in finalizing Tax Court opinions.[4]

Appellants' motion is GRANTED, the mandate is MODIFIED as herein ordered, and the case is REMANDED in part for proceedings consistent with this opinion and the mandate as recalled and modified.