T.C. Memo. 2006-46


UNITED STATES TAX COURT


ESTATE OF BURTON W. KANTER, DECEASED, JOSHUA S. KANTER,
INDEPENDENT ADMINISTRATOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16412-05L.          Filed March 16, 2006.


Robert E. McKenzie and Kathleen M. Lach, for petitioner.

Sean Robert Gannon, for respondent.


MEMORANDUM OPINION


HAINES, Judge:  This collection review case is before the

Court on the estate's motion for abatement of assessments and

respondent's motion to stay proceedings.  As discussed in detail

below, we shall deny the estate's motion and grant respondent's motion.[1]

Background[2]

A.    Deficiency Proceedings

In Inv. Research Associates, Ltd. v. Commissioner, T.C. Memo. 1999-407, a Memorandum Opinion filed in 28 consolidated dockets, the Court held, inter alia, that Burton W. and Naomi R. Kanter were liable for Federal income tax deficiencies and additions to tax for the taxable years 1978, 1979, 1980, 1981, 1982, 1983, 1984, and 1986.  The Court's central holding in Inv. Research Associates, Ltd. v. Commissioner, supra, sustained respondent's determination that Burton W. Kanter (Kanter)[3] and two associates, Claude Ballard (Ballard) and Robert Lisle (Lisle),[4] fraudulently attempted to evade tax by failing to include in their taxable income certain kickback payments that they received from a number of sources.  The Court also sustained

---

[1]  Section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The record reflects and/or the parties do not dispute the following background facts.

[3]  Burton W. Kanter died on Oct. 31, 2001, after the trial in the consolidated cases, and the Estate of Burton W. Kanter, Deceased, Joshua S. Kanter, Independent Administrator was substituted as a party in the Kanter deficiency cases.

[4]  Robert Lisle died before the trial in the consolidated cases, and his estate was substituted as a party in his deficiency cases.

respondent's determinations that Kanter failed to report income and that he was not entitled to claimed deductions arising from several transactions unrelated to the alleged kickback scheme.

Special Trial Judge D. Irvin Couvillion presided at the trial of the consolidated cases in Inv. Research Associates, Ltd. Because Special Trial Judge Couvillion was prohibited under section 7443A(c) from entering a decision in those cases, he prepared an initial report which included his proposed findings of fact and opinion (the Couvillion report). The cases were then assigned to Senior Judge Howard A. Dawson for adoption of the Couvillion report and entry of decision. Under Rule 183 in effect at the time, the Couvillion report was not filed or otherwise made a part of the record of the consolidated cases.[5] Special Trial Judge Couvillion subsequently collaborated with Judge Dawson in preparing a final report which became the Court's Memorandum Opinion in Inv. Research Associates, Ltd.

After the parties submitted computations under Rule 155, the Court entered decisions in the Kanter deficiency cases reflecting the parties' stipulations as to certain issues and the Court's holdings in Inv. Research Associates, Ltd. Thereafter, the estate and Naomi R. Kanter appealed to the U.S. Court of Appeals

---

[5] The Court amended Rule 183, effective Sept. 20, 2005, to provide a procedure for service on the parties of a Special Trial Judge's recommended findings of fact and conclusions of law and for the filing of objections and responses.

for the Seventh Circuit seeking review of some (but not all) of the issues decided by this Court in respondent's favor. In Estate of Kanter v. Commissioner, 337 F.3d 833, 839 (7th Cir. 2003), the Court of Appeals listed the issues subject to review as follows: (1) Additions to tax for fraud, (2) adjustments related to the Bea Ritch Trusts, (3) disallowed deductions for activities related to a painting of George Washington, (4) unreported income for 1982 based on a bank deposits analysis, (5) unreported income from Equitable Leasing transactions, and (6) unreported income from a transaction related to a shelf corporation identified as Cashmere. The Kanters also appealed the Court's denial of their motions to make the Couvillion report part of the record in their cases, and Naomi R. Kanter appealed issues related to her claims for relief under section 6015. At the same time, Ballard appealed his cases to the Court of Appeals for the Eleventh Circuit, and the Estate of Lisle appealed its cases to the Court of Appeals for the Fifth Circuit.

In Ballard v. Commissioner, 321 F.3d 1037 (11th Cir. 2003), the Court of Appeals for the Eleventh Circuit affirmed this Court's holdings as to Ballard in all respects.

In Estate of Kanter v. Commissioner, supra, the Court of Appeals for the Seventh Circuit affirmed in part and reversed in part. The Court of Appeals affirmed this Court's holdings denying release of the Couvillion report. The Court of Appeals

also affirmed this Court's holdings on five of the six substantive issues (listed above). The Court of Appeals for the Seventh Circuit reversed this Court's holding that Kanter was not entitled to deduct expenses incurred with regard to his activities involving a painting of George Washington. Id. at 854-857.

In Estate of Lisle v. Commissioner, 341 F.3d 364 (5th Cir. 2003), the Court of Appeals for the Fifth Circuit affirmed in part and reversed in part. The Court of Appeals reversed this Court's holding that there was sufficient evidence to sustain respondent's determination that the Estate of Lisle was liable for additions to tax for fraud. On the other hand, the Court of Appeals upheld this Court's holding that the Estate of Lisle was liable for the deficiencies in dispute.

Ballard and the Estate of Kanter filed petitions for certiorari with the Supreme Court. In Ballard v. Commissioner, 544 U.S. 40, __, 125 S. Ct. 1270, 1286 (2005), the Supreme Court reversed the judgments of the Courts of Appeals for the Seventh and Eleventh Circuits in Estate of Kanter and Ballard, and remanded those cases "for further proceedings consistent with this opinion." Specifically, the Supreme Court held that the collaborative process that this Court employed before filing its Memorandum Opinion in Inv. Research Associates, Ltd. v. Commissioner, T.C. Memo. 1999-407, was inconsistent with the

Court's Rules of Practice and Procedure. The Supreme Court indicated that the failure to disclose the Couvillion report and to specify the Tax Court Judge's mode of reviewing that report impeded fully informed appellate review of the Tax Court's decision. Ballard v. Commissioner, 544 U.S. at ___, 125 S. Ct. at 1283.

In Estate of Kanter v. Commissioner, 406 F.3d 933, 934 (7th Cir. 2005), the Court of Appeals vacated and remanded the Kanter deficiency cases to this Court "for further proceedings consistent with the Supreme Court's decision in Estate of Burton W. Kanter v. Commissioner of Internal Revenue, No. 03-1034".

In Ballard v. Commissioner, 429 F.3d 1026, 1027 (11th Cir. 2005), the Court of Appeals for the Eleventh Circuit remanded the Ballard cases to this Court with the following instructions:

> (1) The "collaborative report and opinion" of the Tax Court is ordered stricken; (2) The original report of the special trial judge is ordered reinstated; (3) The Chief Judge of the Tax Court is instructed to assign this matter to a regular Tax Court Judge who had no involvement in the preparation of the aforementioned "collaborative report;" (4) The Tax Court shall proceed to review this matter in accordance with the dictates of the Supreme Court, and with the Tax Court's newly revised Rules 182 and 183, giving "due regard" to the credibility determinations of the special trial judge and presuming correct fact findings of the trial judge.
> * * *

In Estate of Lisle v. Commissioner, 431 F.3d 439 (5th Cir. 2005), the Court of Appeals for the Fifth Circuit recalled its earlier mandate and directed this Court to reexamine the question

whether the Estate of Lisle is liable for tax deficiencies consistent with the instructions handed down by the Court of Appeals for the Eleventh Circuit in Ballard v. Commissioner, 429 F.3d at 1027.

On June 16, 2005, this Court issued an order in the Kanter deficiency cases directing that the Couvillion report be served on the parties and be made a part of the record in those cases.

On December 16, 2005, this Court issued an order vacating and setting aside the decisions entered in the Kanter deficiency cases, striking the Court's Memorandum Opinion in Inv. Research Associates, Ltd. v. Commissioner, supra, reinstating the Couvillion report, and directing the parties to file written objections, followed by responses, to the recommended findings of fact and conclusions of law contained in the Couvillion report. On December 16, 2005, respondent filed petitions for panel rehearing with the Courts of Appeals for the Eleventh and Fifth Circuits. By order dated January 11, 2006, the Court stayed further action in the Kanter deficiency cases pending the final disposition of respondent's petitions for panel rehearing filed with the Courts of Appeals for the Eleventh and Fifth Circuits. Both Courts of Appeals recently denied respondent's petitions.

B.  Collection Proceedings

As noted above, the estate appealed this Court's decisions in the Kanter deficiency cases to the Court of Appeals for the Seventh Circuit.  The estate did not post a bond under section 7485 to stay the assessment or collection of the tax liabilities in dispute during the pendency of the appeals.  Consequently, respondent entered assessments against the estate for the deficiencies, additions to tax, and increased interest set forth in the Court's decisions in the Kanter deficiency cases.

On January 13, 2003, respondent issued to the estate a Final Notice--Notice of Federal Tax Lien Filing and of Your Right to a Hearing regarding the estate's unpaid Federal income taxes for 1978 to 1984, 1986, and 1991.[6]  The estate submitted to respondent's Office of Appeals (Appeals Office) a timely request for an administrative hearing under section 6320.[7]

On August 4, 2005, respondent's Appeals Office issued to the estate a Notice of Determination Concerning Collection Action(s). The Appeals Office determined (1) the liens were properly filed, (2) the estate's offer-in-compromise based on doubt as to

---

[6]  The taxable year 1991 was not the subject of any of the notices of deficiency in dispute in the Kanter deficiency cases. The record suggests that respondent entered an assessment against the estate for 1991 based upon the disposition of a so-called TEFRA partnership proceeding for 1991.

[7]  The record in this case does not include copies of the Notice(s) of Federal Tax Lien that would have precipitated the issuance of the Final Notice--Notice of Federal Tax Lien Filing.

liability and collectibility was not acceptable because it was "detrimental to the interests of fair tax administration", and (3) the liens would not be released.  The estate filed with the Court a timely petition for lien or levy action challenging respondent's notice of determination.

The estate subsequently filed a motion for abatement of assessments.  The estate maintains that the assessments that respondent entered against the estate are no longer valid inasmuch as the Court's decisions in the Kanter deficiency cases have been vacated.  According to the estate, in the absence of valid assessments, respondent must release the liens in dispute.

Respondent filed (1) a response in opposition to the estate's motion and (2) a motion to stay proceedings.  Relying primarily upon Estate of Smith v. Commissioner, 115 T.C. 342 (2000), respondent avers that the assessments entered against the estate remain valid notwithstanding that the Court's decisions in the Kanter deficiency cases have been vacated.  Respondent also contends that, considering the current procedural posture of the Kanter deficiency cases, the Court should stay this collection case until such time as decisions in the Kanter deficiency cases become final.

The estate filed an objection to respondent's motion to stay proceedings and a reply to respondent's response.  In addition, the estate filed a notice informing the Court that, after the

petition was filed in this case, respondent filed additional liens in Illinois and Florida against certain trusts alleged to be alter egos of the estate and/or Naomi R. Kanter.[8]

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for tax when a demand for the payment of the person's taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003). From the taxpayer's perspective, the filing of such a lien may have the negative effects of creating a cloud on the taxpayer's title to property and impairing the taxpayer's creditworthiness. See, e.g., Magana v. Commissioner, 118 T.C. 488 (2002).

---

[8] We note that the notice of determination in dispute was issued solely to the Estate of Burton W. Kanter and the petition in this case is captioned solely in the name of the Estate of Burton W. Kanter. It is not clear that the estate's counsel has authority to represent Naomi R. Kanter as to collection matters. Under the circumstances, any collection activities that respondent has initiated solely against Naomi R. Kanter do not appear to be relevant to this proceeding.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, Congress enacted sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide specified protections for taxpayers in tax collection matters.  Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 is to be provided not more than 5 business days after the day of the filing of the notice of lien.  Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the filing of a lien (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  There is no dispute that the estate properly invoked this Court's jurisdiction under section 6320.

A.   The Estate's Motion for Abatement of Assessments

The estate contends that the assessments upon which the disputed liens are based were rendered invalid as the result of postassessment appellate developments in the Kanter deficiency

cases, and, therefore, respondent is obliged to release the liens. We disagree.

We begin our analysis by noting that there is no suggestion that respondent acted improperly in assessing the deficiencies and additions to tax set forth in the decisions that the Court entered in the Kanter deficiency cases or in filing a notice of Federal tax lien against the estate. In this regard, section 7485(a) provides in pertinent part that the filing of a notice of appeal from a Tax Court decision under section 7483 "shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court" unless the taxpayer has filed with the Court (1) a bond in a sum fixed by the Tax Court (not exceeding double the amount of the portion of the deficiency being appealed) and with surety approved by the Tax Court or (2) a jeopardy bond. The estate did not file an appeal bond as described in section 7485(a) at the time it filed its notices of appeal in the Kanter deficiency cases. Consequently, respondent entered assessments against the estate in accordance with this Court's decisions, and, contemporaneously with that action, a lien under section 6321 arose in favor of respondent by operation of section 6322. To give vitality to the lien against the estate's other creditors, if any, respondent was obliged under section 6323(a) to file a notice of Federal tax lien. This respondent did.

The estate nevertheless contends that the assessments and lien described above were nullified by the Supreme Court's opinion in Ballard v. Commissioner, 544 U.S. 40, 125 S. Ct. 1270 (2005), and this Court's actions (1) vacating the decisions entered in the Kanter deficiency cases, (2) striking the Court's Memorandum Opinion in Inv. Research Associates, Ltd. v. Commissioner, T.C. Memo. 1999-407, and (3) reinstating the Couvillion report. The estate asserts that "the case before the Court presents the seemingly unprecedented situation in which the entire legal basis for a lower court ruling has been disallowed because of an improper process and the ruling itself has been completely vacated." Although the Kanter deficiency cases certainly are in a novel procedural posture, we are not persuaded that the factors that the estate relies upon require abatement of the assessments in question or release of the disputed liens.

We agree with respondent that the proper disposition of the estate's motion is governed by section 7486, which addresses assessment and collection of tax deficiencies that have not been stayed by the filing of an appeal bond. Section 7486 provides:

> SEC. 7486. REFUND, CREDIT, OR ABATEMENT OF AMOUNTS DISALLOWED.
>
> In cases where assessment or collection has not been stayed by the filing of a bond, then if the amount of the deficiency determined by the Tax Court is disallowed in whole or in part by the court of review, the amount so disallowed shall be credited or refunded to the taxpayer, without the making of a claim

therefor, or, if collection has not been made, shall be abated.

This Court has previously interpreted and applied section 7486 in circumstances analogous to those presented in the instant case. In Estate of Smith v. Commissioner, 108 T.C. 412 (1997), revd. 198 F.3d 515 (5th Cir. 1999), this Court sustained the Commissioner's determination that the taxpayer was liable for an estate tax deficiency. Like the estate in the present case, the taxpayer in Estate of Smith appealed this Court's decision but did not file a bond pursuant to section 7485 to stay assessment and collection of the estate tax deficiency during the pendency of its appeal. As a result, the Commissioner assessed the estate tax deficiency of $564,429.87, plus interest of $410,848.76. After the Commissioner applied credits for an earlier payment and for a separate overpayment of income tax, the taxpayer owed $265,900.87. The Commissioner administratively stayed collection of that amount. On appeal, the Court of Appeals for the Fifth Circuit reversed, vacated, and remanded the case. Estate of Smith v. Commissioner, 198 F.3d at 532. Thereafter, while the case was on remand to this Court for further proceedings, the taxpayer filed a motion with this Court seeking an abatement of the assessment (described above) and a refund of amounts collected by the Commissioner.

In Estate of Smith v. Commissioner, 115 T.C. 342 (2000), we denied the taxpayer's motion. Much of what we said in that case

regarding the purpose and effect of section 7486 is pertinent to
the resolution of the estate's motion for abatement of
assessments.  In particular, we stated:

> The language of section 7486 provides for abatement and
> refund of the "amount of the deficiency determined" by
> this Court that has been "disallowed in whole or in
> part by the court of review", regardless of whether the
> taxpayer files a claim for relief.  The statute simply
> acts as a procedural device ensuring that the
> Commissioner follows a decision of the court of review
> in situations where it can be ascertained that all or a
> part of the amount of the deficiency determined by this
> Court was disallowed.  Where the court of review
> reverses and remands but does not indicate that any
> ascertainable "amount" of the previously determined
> deficiency has been precluded, it cannot be said that
> the court of review has "disallowed in whole or in
> part" the "amount of the deficiency determined by the
> Tax Court."
>
> In the instant case, the Court of Appeals reversed
> and remanded with instructions regarding the proper
> evidence to consider for valuing Exxon's claim against
> the estate.  The Court of Appeals made no finding
> regarding the correct value of the Exxon claim, nor did
> it preclude an ultimate finding of value that would
> result in the same deficiency amount contained in our
> prior decision.  The Court of Appeals simply held that
> post-death events, such as the settlement of the Exxon
> claim, should not be considered in making the valuation
> determination.  The Court of Appeals remanded with
> instructions to make the valuation based on facts that
> existed on the date of decedent's death.  The amount of
> the prior deficiency determination was not disallowed
> in whole or in part.

Id. at 345.

Our interpretation of section 7486 as articulated in Estate
of Smith v. Commissioner, 115 T.C. at 345, is consistent with the
interpretation of that provision by the Court of Appeals for the
Seventh Circuit in Tyne v. Commissioner, 1969-2 USTC par. 9508

(7th Cir. 1969), and by the Court of Appeals for the Sixth Circuit in United States v. Bolt, 375 F.2d 725 (6th Cir. 1967).

In Tyne v. Commissioner, T.C. Memo. 1966-214, revd. 385 F.2d 40 (7th Cir. 1967), revd. on remand 409 F.2d 485 (7th Cir. 1969), the Court of Appeals for the Seventh Circuit twice reversed and remanded this Court's decisions. Although the taxpayer did not file an appeal bond to stay assessment during either of his appeals, he filed a motion with the Court of Appeals, following its second reversal and remand to this Court, seeking an order directing the Commissioner to abate the assessment entered against the taxpayer based upon this Court's original decision. The Court of Appeals denied the taxpayer's motion,[9] stating in pertinent part:

> Although it is arguable logic that the reversal of the decisions which were the foundations of the assessments compelled abatement, we consider it a better construction of 26 U.S.C. §7486 that reversal with remand for further proceedings, as distinguished from reversal and final disallowance of deficiencies, did not require abatement until action of the tax court upon remand. On March 28, 1968, the tax court made decisions on remand which did decrease the deficiencies. We think that corresponding abatement of the assessment was required at that time * * *.

Tyne v. Commissioner, 1969-2 USTC par. 9508, at 85,298.

---

[9] The Court of Appeals acknowledged the Commissioner's concession that he would abate and refund to the taxpayer the difference between the deficiency determined in this Court's original decision and the reduced deficiency determined in this Court's decision following the first remand.

In the instant case, neither the Supreme Court nor the Court of Appeals for the Seventh Circuit made any finding regarding the correct amount of the estate's deficiencies, nor did they preclude ultimate findings on remand that would result in the same deficiencies set forth in our prior decisions. In particular, the Supreme Court held that this Court's Rules of Practice and Procedure did not warrant the collaborative process that the Court employed in formulating its Memorandum Opinion in Inv. Research Associates, Ltd. v. Commissioner, T.C. Memo. 1999-407. Ballard v. Commissioner, 544 U.S. at ___, 125 S. Ct. at 1279-1283. The Supreme Court remanded the Kanter and Ballard deficiency cases to the Courts of Appeals for the Seventh and Eleventh Circuits, respectively, for further proceedings consistent with its opinion. Id. at __, 125 S. Ct. at 1286. On remand, the Court of Appeals for the Seventh Circuit vacated its decision, reinstated the estate's appeal, denied the estate's requests (1) for an order of production, (2) to supplement the record, and (3) for additional briefing, and remanded the cases to this Court for further proceedings consistent with the Supreme Court's decision in Ballard. Estate of Kanter v. Commissioner, 406 F.3d at 934. In the absence of any specific finding by either the Supreme Court or the Court of Appeals disallowing the deficiencies (in whole or in part) determined by this Court, we shall deny the estate's motion for abatement of assessments.

The estate's argument that Estate of Smith v. Commissioner, 115 T.C. 342 (2000), is factually distinguishable from the instant case is misplaced.  The estate contends that, unlike Estate of Smith, the legal process and bases for the Court's decisions in the Kanter deficiency cases have "been disallowed * * * and completely vacated."  The estate further contends that, unlike the instant case, this Court's decision in Estate of Smith was never vacated.  However, in Estate of Smith v. Commissioner, 198 F.3d at 532, the Court of Appeals concluded its opinion by stating that "the rulings of the Tax Court are reversed, the judgment vacated, and this case is remanded" and its mandate stated:  "REVERSED, VACATED, and REMANDED."  Thus, this Court was instructed to vacate its decision in Estate of Smith pursuant to the Court of Appeals' mandate.[10]  We are not persuaded that the reversal of this Court's decisions in Inv. Research Associates, Ltd. v. Commissioner, T.C. Memo. 1999-407, because of flaws in the Court's internal review and adoption process, is meaningfully different from the reversal of our decision in Estate of Smith. In both cases, the appellate mandate required this Court's decisions to be vacated for the purpose of allowing further proceedings to correct the errors identified during the appellate

_____

[10]  To comply with such a mandate, this Court's prior decision must be vacated to make way for the entry of a new decision based upon the further proceedings mandated by the reviewing court.

review process.  In sum, the differences in the cases that the estate points to are not meaningful.

B.    Respondent's Motion To Stay Proceedings

Respondent contends that, considering the procedural posture of the Kanter deficiency cases, this collection case should be stayed until final decisions are entered in the deficiency cases. The estate opposes respondent's motion to stay solely on the same legal theory underlying its motion for abatement of assessments; i.e., that the assessments are invalid and the liens should be released.

We recognize that granting respondent's motion to stay proceedings, in effect maintaining the status quo, would preserve his position in relation to other creditors, while the estate's assets would remain under the cloud cast by respondent's lien. However, practical realities weigh in favor of granting respondent's motion.  In particular, if we do not stay this case, it will be calendared for trial in due course.  Given that we do not know the exact amount (if any) of the estate's tax liability at this time, we risk wasting valuable judicial resources addressing the question whether the Appeals Office abused its discretion in rejecting the estate's offer-in-compromise.  Under all the circumstances, we conclude that the interests of justice would best be served by staying this case until the amount of the

estate's tax liability is finally resolved in the deficiency cases.

To reflect the foregoing,

<u>An order will be issued denying the estate's motion for abatement of assessments and granting respondent's motion to stay proceedings.</u>